### GUARDIAN TR. CO. v. CITY OF CLEVELAND

Ohio Appeals, 8th Dist.. Cuyahoga Co.

No. 8867. Decided Mar. 26, 1928.

Middleton, PJ., and Mauck, J., of the 4th Dist., sitting.

126. BANKS AND BANKING—297. Contracts—651. Interest.
Where, by contract, depositary agrees to pay interest on daily balances, and credits, to such balances, checks drawn upon other banks, before such other banks remit, in cash, amounts represented by such checks, depositary is liable for interest on amount represented by such checks as of date of such crediting.

Error to Municipal Court.

Judgment affirmed.

F. K. Pickering, Cleveland, for Guard Tr. Co.

Carl F. Shuler and Henry S. Brainard, Cleveland, for City.

FULL TEXT.

MAUCK, J.
The City of Cleveland, pursuant to the statute, made a contract with The Guardian Trust Company by which that company became the depositary of certain municipal funds. The contract provided that the depositary shall "well and *truly receipt for all moneys deposited* with it by the Treasurer of the City of Cleveland, and shall safely keep and pay over the same, as provided by the laws of the State of Ohio and the Municipal Code of the City of Cleveland, and shall, on demand, well and *truly pay any and all sums so deposited, together with interest thereon, computed upon daily balances thereof,* at the rate of three and twenty-five hundredths per centum (3.25%) per annum."

The city brought an action on this contract in the Municipal Court of Cleveland for some nine hundred and odd dollars of interest and recovered therefor.

It is now sought to reverse that judgment because it is claimed that on the particular principal sums on which this interest is calculated the depositary is not liable. These principal sums consist of checks for large amounts drawn upon other banks by the City Treasurer and deposited by him with the defendant to the credit of the city. It is shown that these checks were not actually paid in cash to the depositary by the banks on which they were drawn until the day succeeding their deposit, and as the drawee bank is perhaps also paying the city interest on daily balances the city is thus, in fact, enjoying for a day double interest on the identical funds. The possibility of this must be admitted. The fact, however, does not affect the defendant's liability under the provisions of the contract above quoted. Under that contract the bank undertakes to pay interest on the daily balance of the funds on deposit. It further undertakes, as required by ordinance, to make report each day of the balance that is on deposit. If to serve its own convenience, or for any other reason, it treats a check deposited with it as cash and credits the depositor with the amount of that check and certifies that amount with the other credits as going to make up the day's balance certainly under the contract it is liable for interest on such balance. If the depositary would avoid this liability it could easily do so by holding the check for collection only until the same is paid and certifying the same as a deposit only after the payment of the check. The situation is completely and exactly covered by the contract and the contract requires no interpretation.

The contract, however, has been given a practical interpretation by the parties. The obligation sued upon was entered into in 1925. This contract followed other contracts of identical import made in 1919 and 1922. When the contract of 1925 was made it was with the knowledge that in the performance of the earlier contracts the depositary had paid interest on checks of the same kind, handled in the same way. The city had a right to expect that liability arising in precisely the same way would be satisfied in like manner. The rule that courts may well follow the practical construction given to a contract by the parties themselves is too well established to warrant citations.

Middleton, PJ., concurs.